UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAVOUISE JACKSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DR. FRANCISCO SANCHEZ, et. al.,<br><br>　　　　　　　Defendants. | Case No. 2:18-cv-02247-RFB-VCF<br><br>**<u>ORDER</u>** |

## I.　INTRODUCTION

Before the Court for consideration is Defendant Sonya Carrillo's Motion for Summary Judgment, ECF No. 34.

## II.　PROCEDURAL BACKGROUND

This matter arises from a civil rights complaint pursuant to 42 U.S.C. § 1983 for a claim of deliberate indifference to a serious medical need against Defendant Dr. Francisco Sanchez and Sonya Carrillo during his incarceration at the Southern Desert Correctional Center ("SDCC"). Plaintiff alleges that a prior surgery required him to have clean bandages, antibiotic ointment, and saline water to treat an open wound and that Defendants deliberately denied him these necessary medical supplies.

Plaintiff filed a complaint, along with a motion to proceed in forma pauperis on November 21, 2018. ECF No. 1. On November 7, 2019, a screening order was filed, dismissing all claims and defendants except those described above. ECF No. 7. The case was referred to the Inmate Early Mediation program. ECF No. 10. Mediation ultimately failed. ECF No. 11. On February 7,

2020, an order granting the motion to proceed in forma pauperis was entered. ECF No. 13.

On April 6, 2020, Defendant Sonya Carrillo filed a motion for summary judgment. ECF No. 18. On March 12, 2021, a hearing on that motion for summary judgment was held. ECF No. 31. At the hearing, the Court denied Defendant's Motion to Dismiss without prejudice. The parties had until May 14, 2021 to complete discovery. Also at that hearing, the Court ordered Defendants to produce all of Plaintiff's medical and grievance records by March 26, 2021. Plaintiff was permitted to receive a copy of these records and keep that copy in his cell. The Court gave the Plaintiff until April 5, 2021 to file an amended complaint. Parties then had until June 1, 2021 to file dispositive motions. Responses to those motions were then due by June 22, 2021 and replies by July 7, 2021.

No amended complaint was subsequently filed. On June 1, 2021, Defendant Carrillo filed another motion for summary judgment. ECF No. 34. Plaintiff responded on August 9, 2021. ECF No. 40. Defendant replied on August 23, 2021. ECF No. 41.

A written order on the motion for summary judgment follows.

### III.   FACTUAL BACKGROUND

#### a.  Undisputed Facts

The Court finds the following facts to be undisputed. In July 2018, Plaintiff arrived at High Desert State Prison with a gunshot wound to his left arm and elbow area. The gunshot wound required surgery. During surgery, a metal rod was placed in Plaintiff's arm. After surgery, the metal rod was visible and protruding from Plaintiff's skin.

Plaintiff needed clean bandages, antibiotics, and saline to keep the wound clean after surgery. In August 2018, Plaintiff was sent to SDCC. When he arrived at SDCC, he asked to be seen by Defendant Dr. Francisco Sanchez, the doctor at SDCC. Despite seeing the metal rod

protruding from Plaintiff's arm, Defendant Sanchez denied Plaintiff's request for bandages. Defendant Sanchez also denied Plaintiff's request for pain management.

While at SDCC, Plaintiff filed six grievances before filing the operative complaint. Two of the six grievances are applicable to the complaints in this case.

The first is Grievance 20063071540. Plaintiff submitted emergency grievance 20063071540 on August 28, 2018, at 11:30 a.m. Plaintiff wrote: "I was shot in my arm and I have a open wound with a metal plate that is sticking out. I do not have anymore bandages, saline, antibiotic ointment or a ace bandage to close off the wound." The facility denied the grievance stating "You will be seen by medical staff." Plaintiff checked the box "inmate agrees."

The second is Grievance 20063072477. Plaintiff submitted informal grievance 20063072477 on September 19, 2018. Plaintiff wrote

> I am grieving the fact that medical SDCC Department is denying me medical treatment and care, specifically, the bandages and ointment I need to keep the gunshot wound to the left arm protected and clean in open to avoid infection and inflammation. The SDCC medical department responded on 9/16/18 to my medical request (9/14/2018) for some bandages stating "do not see an order for bandages." . . . . I've not had bandages provided since I left HDSP. The NDOC/SDCC handles medical issues for TLVCC inmates. I have not been giving [sic] any antibiotic, saline, or bandages for my gunshot would to my left arm. . . .the relief I seek is to have the SDCC medical staff provide me with a sufficient amount of antibiotic, ointment, and sterile water, on a weekly basis, so I can keep my injury clean from infection and inflammation during the healing process.

ECF No. 34-3. Defendant Carrillo was assigned to respond to this grievance. Defendant Carrillo responded, "According to your chart record you were issued band aids on 9/4/2018 – to get more supplies you will need to write a medical kite and be evaluated and each additional supplies will be a visit. Check the medical call out list to be called to medical to see a nurse." Jackson's grievance was denied. Jackson attempted to elevate the grievance to the first level for review on November 19, 2018: stating "I disagree because (1) I didn't receive any bandages on 9/4/18. I receive bandages on 11/1/2018 from Nurse Sonya; (2) I stand by the claims in my informal grievance that I'm not getting the proper and adequate treatment and care for my serious

medical [sic]." This grievance was denied for "missing documentation" by an unknown member of staff that was not Defendant Carrillo. The document advised Plaintiff to correct that deficiency and re-submit his first level grievance. Plaintiff did not pursue this grievance any further. On November 21, 2018, Plaintiff filed the instant lawsuit.

### b. Disputed Facts

Plaintiff contends that the following facts are genuine issues of material fact, requiring this case to go to trial: (1) "whether the Plaintiff, considering his particular circumstances, has adequately exhausted administrative remedies that are available to him," (2) "whether the procedure for the exhaustion of administrative remedies is presented in a manner that is available to the Plaintiff," (3) "whether the Plaintiff can present sufficient admissible evidence pointing to the Defendant's personal participation in the constitutional violations against the Plaintiff, " (4) "whether the Defendant knew or should have known, that her actions or inactions against the Plaintiff were in violation of clearly established law." ECF No. 40.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must

do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

V. DISCUSSION

Defendant Carrillo argues that she is entitled to summary judgment because Plaintiff failed to properly exhaust his available administrative remedies, because there is no genuine dispute of material fact that Defendant Carrillo did not personally participate in the alleged constitutional violation, and because she is entitled to qualified immunity. Plaintiff argues that NDOC's grievance procedures were not "available" to him, see Ross v. Blake, 578 U.S. 632, 642, and therefore he should be excused from administratively exhausting his claim. He also contends that there is a genuine dispute of material fact as to whether Defendant Carrillo personally participated in the violation of Plaintiff's rights because of his allegations and that she is not entitled to qualified immunity.

    a. The Eighth Amendment Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

///

Plaintiff argues that Defendant's conduct violates the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal citations omitted). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). In order to establish this violation, two requirements must be met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Id. at 834. In order to meet the subjective prong of the Eighth Amendment test, a prison official must have a "sufficiently culpable state of mind." Id. To satisfy the subjective prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "Indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal quotations omitted). When a Plaintiff alleges that the delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Here, the undisputed facts demonstrate that Defendant Carrillo did not act out of "deliberate indifference" to a serious medical need or with a "sufficiently culpable state of mind." Plaintiff alleges that, despite his numerous medical request forms, Defendant Carrillo was responsible for directing medical staff at SDCC and TLVCC to deny these requests. However, the

undisputed facts in the record indicate that Defendant Carrillo was responsible only for denying a single informal grievance, on the basis that at least a portion of Plaintiff's request had already been fulfilled. Further, she gave him instructions on the proper procedure for procuring additional supplies through a medical kite (rather than the informal grievance process), if needed. See ECF No. 34-4. These undisputed facts do not support subjective culpability for an Eighth Amendment "deliberate indifference" violation. The undisputed facts show that there was no "purposeful. . . . failure to respond to a prisoner's pain or possible medical need." Jett, 439 F.3d at 1096. Instead, Defendant Carrillo timely responded to a grievance based on the information she had and explained to Plaintiff the proper procedure for procuring further supplies or medical attention, if needed.

Further, Plaintiff has not submitted evidence or identified facts in the record showing the existence of a genuine issue of material fact regarding Defendant Carrillo's alleged Eighth Amendment violation during the period of time that precedes the filing of his complaint in federal court.[1] See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Plaintiff, instead, relies on the allegations in his original complaint, which is not sufficient to raise a genuine dispute at this stage in the case. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule,

---

[1] In his declaration in opposition to Defendant's Motion for Summary Judgment, Plaintiff includes multiple allegations against Defendant Carrillo submitted through grievances that occurred after filing his complaint on November 21, 2018. See ECF No. 40. The Court gave Plaintiff an opportunity to amend his complaint on March 12, 2021 in order to potentially include those facts or allegations. See ECF No. 31. Plaintiff declined to amend. Therefore, these elements of Plaintiff's declaration which contain facts or allegations that occurred after November 21, 2018 are not properly considered by this Court in determining whether Defendant Carrillo committed a violation of the Eighth Amendment.

the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.") (internal citations omitted).

Accordingly, the undisputed facts indicate that Defendant Carrillo did not commit a violation of the Eighth Amendment in denying Plaintiff's grievance. Summary judgment is therefore granted for Defendant Carrillo.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Carrillo's Motion for Summary Judgment (ECF No. 34) is GRANTED in full consistent with this order.

The Clerk of the Court is directed to enter judgment in favor of Defendant Carrillo.

**DATED**: March 27, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**